**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TYLER WEEKES, individually and on behalf of other persons similarly situated, | |
| Plaintiff, | Case No 1:24-CV-4373. |
| v. | |
| COLDWELL BANKER, | |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a) and (d), 1441(a), and 1446, Defendant Coldwell Banker Residential Real Estate LLC, identified in the Complaint and herein as "Coldwell Banker,"[1] hereby removes the matter captioned *Tyler Weekes v. Coldwell Banker*, Case No. 2024-CH-04177 filed in the Chancery Division of the Circuit Court of Cook County, Illinois (the "State Court Action"), to the United States District Court for the Northern District of Illinois, Eastern Division. A true and correct copy of all process, pleadings, and orders served upon Coldwell Banker in the State Court Action are attached hereto as Exhibit A. *See* 28 U.S.C. § 1446(a).

By filing this Notice of Removal, Coldwell Banker does not admit the allegations or theories in the Complaint or waive any defenses, objections, or motions under state or federal law, and expressly reserves its right to move for dismissal of some or all of Plaintiff's claims. Coldwell Banker also hereby reserves the right to amend or supplement this Notice of Removal.

As discussed further herein, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because complete diversity of citizenship exists and the amount in controversy

---

[1] Plaintiff generically names "Coldwell Banker" as the Defendant in the caption and throughout the Complaint and identifies Coldwell Banker as an LLC. *See* Compl ¶ 11.

exceeds $75,000. Coldwell Banker hereby provides this "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). As the Supreme Court has explained, the short and plain statement of removal need not contain evidentiary submissions. *Id.* at 84. Rather, the notice of removal requires only plausible allegations that the requirements for removal are met. *Id.* at 89. Coldwell Banker satisfies this standard, and in support thereof, states as follows:

### Nature of the Removed Action and Procedural History

1.      Plaintiff Tyler Weekes commenced this lawsuit by filing the State Court Action on May 6, 2024.

2.      On May 8, 2024, Plaintiff served Coldwell Banker with a copy of the summons and complaint. *See* Ex. A.

3.      The State Court Action alleges violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). Specifically, Plaintiff claims Coldwell Banker collected and stored brokers' biometric data through the use of an allegedly fingerprint-based lock box system without first obtaining the brokers' consent and without creating or complying with the retention and destruction policies under BIPA. *See* Compl. ¶ 6.

4.      Based on these allegations, Plaintiff seeks to recover (on behalf of himself and a putative class of similarly situated real estate brokers) statutory damages pursuant to 740 ILCS 14/20(2) of as much as $5,000.00 for each violation of BIPA. *See* Compl., Prayer for Relief.

5.      Plaintiff also seeks statutory attorneys' fees and expenses, which "count toward the amount in controversy [because] the prevailing party is entitled to recover them as part of damages" under BIPA. *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998); 740 ILCS 14/20(3) ("A prevailing party may recover for each violation . . . reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses.").

**Venue**

6.      Plaintiff filed the State Court Action in the Chancery Division of the Circuit Court of Cook County, Illinois.

7.      Venue therefore is proper in the United States District Court for the Northern District of Illinois because this Court is the "district court of the United States for the district and division embracing [Cook County,] where the [State Court Action] is pending."  28 U.S.C. § 1441(a).

8.      Coldwell Banker will serve written notice of this filing upon Plaintiff's counsel of record and file a copy of the same with the Clerk of the Cook County Circuit Court, pursuant to 28 U.S.C. § 1446(d).

**Timeliness of Removal**

9.      Coldwell Banker removes this action to the United States District Court for the Northern District of Illinois via filing on May 28, 2024.  That is within thirty days of May 8, 2024—the date Coldwell Banker was served with the pleading.

10.      Accordingly, removal is timely here pursuant to 28 U.S.C. § 1446(b).

**Bases for Removal**

11.      Under 28 U.S.C. § 1332(a), United States District Courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000 and where the parties are citizens of different states.

12.      Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, removal is proper here pursuant to 28 U.S.C. § 1446(c).

**A.      Complete Diversity Exists Between the Parties.**

13.      According to Plaintiff, he "is, and has been at all relevant times, a resident and citizen of Illinois." Compl. ¶ 10.

3

14.     Defendant Coldwell Banker is a limited liability company with a single member that, via a chain of single member LLCs, is ultimately and wholly owned (as the sole member of the last LLC in the chain of ownership) by a corporation: Anywhere Real Estate Inc. *See* Declaration of Michael Cairo ("Cairo Decl."), ¶ 3.

15.     Anywhere Real Estate Inc. is a Delaware corporation with its principal place of business in New Jersey. *Id.* ¶ 4.

16.     Because for diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), Anywhere Real Estate, Inc. is a citizen of Delaware and New Jersey.

17.     Because "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members," *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007), the citizenship of each LLC in the chain of ownership, down through Coldwell Banker, is Delaware and New Jersey.

18.     Because Plaintiff is a citizen of Illinois and Coldwell Banker is a citizen of Delaware and New Jersey, complete diversity exists between the parties.

**B.     The Amount in Controversy Exceeds $75,000**.

19.     The Class Action Complaint places more than $75,000 in controversy.

20.     Plaintiff worked as an independent contractor "leasing associate" at Coldwell Banker from February 2017 to October 2022.  Compl. ¶ 25; Cairo Decl., ¶ 5.

21.     While a leasing associate, Plaintiff allegedly was required to use a fingerprint scanner to access keys to available rental units.  Compl. ¶ 26.

22.     According to Plaintiff, he could not access the keys without providing his fingerprint.  Compl. ¶ 27.

23.     The showing, sales, and leasing process for real estate typically involves multiple in-person visits to the relevant property.  Each such visit requires access to the property, almost exclusively via the keys to the property.  Cairo Decl., ¶ 6.

24.     Between May 6, 2019 (five-years preceding the filing of the Complaint)[2] and October 2022, Plaintiff would have visited properties many times.  For example, with regard solely to ***closed*** transactions (and not every visit to a property would result in a closing), Plaintiff was the broker listed for 595 lease or sale contracts signed between May 6, 2019 and January 31, 2023. Cairo Decl., ¶ 7.

25.     In his Complaint, Plaintiff seeks up to $5,000 for each violation of BIPA's section 15(a) and section 15(b).  Plaintiff alleges multiple violations of BIPA that, when aggregated, exceed $75,000:

> A.  First, Plaintiff alleges that Coldwell Banker violated Section 15(a) of BIPA by collecting biometric information and biometric identifiers but not maintaining or complying with publicly available written retention schedules or guidelines for such information.  Compl. ¶¶ 46-48.  Plaintiff seeks up to $5,000 for this alleged failure.

> B.  Second, Plaintiff alleges that Coldwell Banker violated Section 15(b) of BIPA when he and the purported class "first enroll[ed] in the system by providing a 'template' fingerprint that [wa]s scanned and stored on the device," because

---

[2] The statute of limitations for BIPA claims is 5 years.  *See Tims v. Black Horse Carriers, Inc.*, 2023 IL 127801 ¶ 5.

fingerprints were enrolled without the BIPA-required consent. *Id.* ¶ 19. Plaintiff seeks up to $5,000 for this enrollment scan.

C.  <u>Third</u>, Plaintiff alleges that Coldwell Banker violated Section 15(b) of BIPA "each time" he and the purported class "scan[ed] his or her fingerprint" "seek[ing] access [to] or return[ing] the keys to an available rental unit in connection with a showing," because fingerprints were collected and matched to the template with each use without the BIPA-required consent. *Id.* ¶¶ 20-21. Plaintiff seeks up to $5,000 for ***each*** scan after the first.

26.     With Plaintiff seeking a total of $10,000 for the alleged lack of a policy and the alleged first enrollment scan, Plaintiff needs to have scanned his finger only fourteen times after enrollment ($5,000 x 14 = $70,000) to "access or return the keys" (*Id.* ¶ 21) to be seeking more than $75,000.

27.     Given the number of contracts signed between May 6, 2019 and January 31, 2023 for which Plaintiff is listed as broker (595), given the number of property visits it would have required to be involved in 595 closings, and given Plaintiff's allegation that every use of the system involved two scans (one scan to obtain the key and a second scan to return it), it is a practical certainty that Plaintiff accessed keys using the device as alleged more than fourteen times. Cairo Decl., ¶ 8. That means the amount in controversy exceeds the $75,000 threshold before even including attorneys' fees and costs. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006) ("[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence.").

WHEREFORE, Coldwell Banker hereby provides notice and respectfully removes the State Court Action from the Circuit Court of Cook County, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, 1446. Should any question arise as to the removal of this matter, Coldwell Banker respectfully requests an opportunity to provide additional briefing, information, and oral argument as to why removal is proper.


Dated: May 28, 2024                                    Respectfully submitted,

                                                        By: */s/ Justin O. Kay*
                                                        Justin O. Kay (ARDC No. 6286557)
                                                        Ambria D. Mahomes
                                                        FAEGRE DRINKER BIDDLE & REATH LLP
                                                        320 S. Canal Street, Suite 3300
                                                        Chicago, IL 60606
                                                        Telephone: (312) 569-1000
                                                        Facsimile: (312) 569-3000
                                                        justin.kay@faegredrinker.com
                                                        ambria.mahomes@faegredrinker.com

                                                        Aaron Van Oort (*pro hac vice forthcoming*)
                                                        Andrew M. Taylor (*pro hac vice forthcoming*)
                                                        2200 Wells Fargo Center, 90 South Seventh St.
                                                        Minneapolis, MN 55402
                                                        Telephone: (612) 766-7000
                                                        aaron.vanoort@faegredrinker.com
                                                        andrew.taylor@faegredrinker.com

                                                        *Counsel for Defendant Coldwell Banker*
                                                        *Residential Real Estate LLC*

## CERTIFICATE OF SERVICE

Justin O. Kay, an attorney, hereby certifies that on May 28, 2024, he caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF and served a copy of the foregoing via First Class Mail:

> Keith J. Keogh
> Gregg M. Barbakoff
> KEOGH LAW, LTD. (FIRM 39042)
> 55 W. Monroe St., Suite 3390
> Chicago, Illinois 60603
> Firm No. 39042
> Tel.: (312) 726-1092
> Fax: (312) 726-1093
> keith@keoghlaw.com
> gbarbakoff@keoghlaw.com
> ***Counsel for Plaintiff and Putative Class***

*/s/ Justin O. Kay*

dotloop signature verification: dtlp.us/cK9O-gccW-0iAX

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TYLER WEEKES, individually and on behalf of other persons similarly situated,<br><br>                Plaintiff,<br><br>     v.<br><br>COLDWELL BANKER,<br><br>              Defendant. | Case No. |

I, Michael Cairo, hereby declare as follows:

1.      I am the Vice President of Strategic Growth at Coldwell Banker Residential Real Estate LLC ("Coldwell Banker").  Based on my responsibilities in this and other capacities at Coldwell Banker, I am familiar with the real estate market and broker activities as well as Coldwell Banker's business operations and security protocols for accessing keys to properties.

2.      I make this declaration based on my personal knowledge and based on my review of Coldwell Banker's business records, including the independent contractor records for Plaintiff Tyler Weekes. These records were made at or near the time by or from information transmitted by someone with knowledge of the matters described therein and were kept in the regular course of Coldwell Banker's business.

3.      Coldwell Banker is a limited liability company with a single member that, via a chain of single member LLCs, is ultimately and wholly owned (as the sole member of the last LLC in the chain of ownership) by a corporation: Anywhere Real Estate Inc.

4.      Anywhere Real Estate Inc. is a Delaware corporation with its principal place of business in New Jersey.

1

5.    Plaintiff Tyler Weekes worked as an independent contractor leasing associate for Coldwell Banker from February 22, 2017, to October 11, 2022.

6.    The showing, sales, and leasing process for real estate typically involves multiple in-person visits to the relevant property.  Each such visit requires access to the property, almost exclusively via the keys to the property.

7.    Between May 6, 2019 and October 2022, Weekes would have visited properties many times.  For example, with regard solely to *closed* transactions (and not every visit to a property would result in a closing), Weekes was the broker listed for 595 lease or sale contracts signed between May 6, 2019 and January 31, 2023.

8.    Given the number of contracts signed between May 6, 2019 and January 31, 2023 for which Weekes is listed as broker (595), given the number of property visits it would have required to be involved in 595 closings, and given Weekes' allegation that every use of the system involved two scans (one scan to obtain the key and a second scan to return it), it is a practical certainty that he accessed keys using the device as alleged more than fourteen times.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 28, 2024

*Michael Cairo*

dotloop verified
05/28/24 12:08 PM CDT
E90A-ZLAT-7VH1-0NCB

Michael Cairo, V.P. Strategic Growth
Coldwell Banker

# EXHIBIT A

Hearing Date: 9/3/2024 9:30 AM
Location: Court Room 2301
Judge: Quish, Clare J

FILED
5/6/2024 2:44 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH04177
Calendar, 14
27567959

FILED DATE: 5/6/2024 2:44 PM  2024CH04177

**Chancery Division Civil Cover Sheet**
**General Chancery Section**        (12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Tyler Weekes

                Plaintiff

v.

Coldwell Banker

                Defendant

Case No: **2024CH04177**

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | |
|---|---|---|
| 0005 | ☐ Administrative Review | |
| 0001 | ☑ Class Action | |
| 0002 | ☐ Declaratory Judgment | |
| 0004 | ☐ Injunction | |
| | | |
| 0007 | ☐ General Chancery | |
| 0010 | ☐ Accounting | |
| 0011 | ☐ Arbitration | |
| 0012 | ☐ Certiorari | |
| 0013 | ☐ Dissolution of Corporation | |
| 0014 | ☐ Dissolution of Partnership | |
| 0015 | ☐ Equitable Lien | |
| 0016 | ☐ Interpleader | |

| | |
|---|---|
| 0017 | ☐ Mandamus |
| 0018 | ☐ Ne Exeat |
| 0019 | ☐ Partition |
| 0020 | ☐ Quiet Title |
| 0021 | ☐ Quo Warranto |
| 0022 | ☐ Redemption Rights |
| 0023 | ☐ Reformation of a Contract |
| 0024 | ☐ Rescission of a Contract |
| 0025 | ☐ Specific Performance |
| 0026 | ☐ Trust Construction |
| 0050 | ☐ Internet Take Down Action (Compromising Images) |
| | ☐ Other (specify) |

◉ Atty. No.: 39042     ○ Pro Se 99500

Atty Name: Keith J. Keogh

Atty. for: Tyler Weekes

Address: 55 W. Monroe St., Suite 3390

City: Chicago     State: IL

Zip: 60603

Telephone: 312-726-1092

Primary Email: Keith@KeoghLaw.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email:

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

FILED
5/6/2024 2:44 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH04177
Calendar, 14
27567959

FILED DATE: 5/6/2024 2:44 PM   2024CH04177

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

TYLER WEEKES, individually and on behalf of all others similarly situated,   )
)
*Plaintiff,*   )
)   Case No.   **2024CH04177**
v.   )
)
COLDWELL   )
BANKER,   )
)
*Defendant.*   )

## CLASS ACTION COMPLAINT

Plaintiff Tyler Weekes ("Plaintiff"), individually and on behalf of all other persons similarly situated, by his undersigned attorneys, as and for his Class Action Complaint for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, against Defendant Coldwell Banker ("Coldwell" or "Defendant"), alleges on personal knowledge, due investigation of his counsel, and, where indicated, on information and belief as follows:

## NATURE OF THE ACTION

1.     The past two decades have seen an exponential growth in technologies capable of verifying a person's identity based on his or her biometric data — *i.e.* "biometric identifiers" (immutable physical features such as fingerprints, retinal scans, scans of facial geometry, among others) and "biometric information" (any unique, identifying information captured, collected, and/or stored based on one's biometric identifier). *See* 740 ILCS 14/15.

2.     The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/15(c). "For example, social security numbers, when compromised, can be changed.  Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse,

208112

is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.      These risks are prevalent in the employment context, as many businesses — such as Coldwell — have sought to reduce overhead by implementing biometric technology that collects and stores biometric data to verify the user's identity.

4.      Recognizing the need to protect its citizens from these type of risks, Illinois enacted BIPA in 2008 to regulate the manner in which private entities collect, store, use, and transmit biometric data. In pertinent part, BIPA prohibits private entities from obtaining and/or possessing an individual's biometric data unless they first: (1) inform that person in writing that biometric identifiers or information will be collected or stored; (2) provide that person with written notice of the specific purpose and length of term for which such biometric identifiers and/or information is being collected, stored, and used; (3) receive a signed written release from the person authorizing the collection of his or her biometric identifiers and/or information; and (4) develop and comply with a publicly-available retention schedule and guidelines for permanently destroying the biometric identifiers and/or information within certain timeframes.  *See* 740 ILCS 14/15(a)-(b).

5.      Thus, employers remain free to implement biometric technology so long as they comply with BIPA's comprehensive regulatory regime.

6.      But despite that BIPA was enacted more than a decade ago, Coldwell disregarded its statutory obligations. At some point prior to 2017, Coldwell implemented a biometric lock box known as the "KeyTrack" that required current and former employees such as Plaintiff to verify their identities through a fingerprint scanner in order to access keys to available rental units — without first obtaining their informed consent to creating the requisite biometric retention and destruction policy.

2

FILED DATE: 5/6/2024 2:44 PM   2024CH04177

FILED DATE: 5/6/2024 2:44 PM    2024CH04477

7.     Accordingly, Plaintiff, on behalf of himself and all other similarly-situated individuals, brings this class action to recover statutory damages for Coldwell's illegal collection, storage, and use of its current and former employees' biometric data in violation of BIPA.

## JURISDICTION AND VENUE

8.     This Court has personal jurisdiction over Coldwell because the biometrics that give rise to this lawsuit were (1) collected by Coldwell at facilities in Illinois, (2) stored by Coldwell at facilities in Illinois, and (3) used by Coldwell at facilities in Illinois.

9.     Venue is proper in this County pursuant to 735 ILCS 5/2-101 because Coldwell conducts its usual and customary business in this County.  735 ILCS 5/2-102(a).

## PARTIES

10.     Plaintiff Tyler Weekes is, and has been at all relevant times, a resident and citizen of Illinois.

11.     Defendant Coldwell Banker is a New Jersey limited liability company whose principal place of business is located in Atlanta, Georgia.

## FACTUAL BACKGROUND

I.     **Illinois enacts the Biometric Information Privacy Act.**

12.     Biometrics are unlike other identifiers because they are a permanent, biologically-unique identifier associated with the individual.  Because one cannot simply change her fingerprints or facial geometry, the collection, use, and storage of biometric identifiers and biometric information creates a heightened risk of identity theft.  *See* 740 ILCS 14/5(c).

13.     In the 2000s, major national corporations started using Chicago and other locations in Illinois to test new applications of biometric-facilitated transactions. *See* 740 ILCS 14/5(b).

14.     In late 2007, a biometrics company called Pay by Touch—which provided major

3

208112

FILED DATE: 5/6/2024 2:44 PM   2024CH04177

retailers throughout the State of Illinois with biometric scanners to facilitate consumer transactions—filed for bankruptcy. That bankruptcy was alarming to the Illinois legislature because suddenly there was a serious risk that citizens' biometric records—which can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections. The bankruptcy also highlighted that many persons who used the biometric scanners were unaware that the scanners were transmitting their data to the now-bankrupt company, and that their biometric identifiers and information could then be sold to unknown third parties.

15.     To protect citizens from the risks posed by all biometric technology, the Illinois Legislature passed BIPA, a comprehensive regulatory regime governing the manner in which private entities such as Coldwell collect, store, use, transmit, and dispose of biometrics.

16.     One component of this regime is Section 15(b) of BIPA, which requires entities to obtain informed written consent to their specific biometric technology before collecting one's biometric identifiers and/or information. *See* 740 ILCS 14/15(b). To that end, Section 15(b) makes it unlawful for a private entity to collect, capture, purchase, receive through trade, or otherwise obtain a person's biometric identifier or information without first::

> (1) inform[ing] the subject…in writing that a biometric identifier or biometric information is being collected or stored;

> (2) inform[ing] the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

> (3) receiv[ing] a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

*Id.*

17.     BIPA also prohibits a private entity from possessing biometrics without first

208112

FILED DATE: 5/6/2024 2:44 PM   2024CH04177

develop and adhering to a written policy—made available to the public—establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information when the initial purpose for collecting such identifiers or information has been satisfied, or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

**II.     Defendant Violates Illinois' Biometric Information Privacy Act.**

18.     The biometric device at issue — the KeyTrack — is a biometric lock box used to store keys to the rental units shown to Coldwell's potential customers. Unlike traditional lock boxes, the KeyTrack verifies the user's identity through a fingerprint scanner.

19.     To use the KeyTrack, a new employee must first "enroll" in the system by providing a "template" fingerprint that is scanned and stored on the device.

20.     Once the enrollment process is complete, the employee can then scan his or her fingerprint to access the keys stored inside the KeyTrack.

21.     Since at least 2017, Coldwell has required its current and former employees to use the KeyTrack each time they seek access or return the keys to an available rental unit in connection with a showing.

22.     In violation of § 15(b)(1) of BIPA, Coldwell scanned, collected, and stored digital copies of its current and former employees' fingerprints on each occasion they use the KeyTrack at one of Coldwell's Illinois locations — all without informing anyone of this practice.

23.     In violation of §§ 15(b)(2) and 15(b)(3) of BIPA, Coldwell never informed those employees about the specific purpose and length of time for which their biometric identifiers or information would be collected, stored and used, nor did Coldwell obtain a written release from them.

208112

24.     In direct violation of § 15(a) of BIPA, Coldwell did not have written, publicly available policies identifying its retention schedules or guidelines for permanently destroying any of these biometric identifiers and/or biometric information.

### III.   Plaintiff's Experiences.

25.     From January 2017 to October 2022, Coldwell employed Plaintiff as a real estate broker at a number of its facilities in Chicago.

26.     At the outset of his employment, Coldwell required Plaintiff to enroll his fingerprints in the KeyTrack by using its fingerprint scanner, and thereby collected and stored digital copies of his fingerprints.

27.     From that point forward, Coldwell required Plaintiff to access the keys to available rental units via the KeyTrack, which scanned, collected, and stored Plaintiff's fingerprints to verify his identity each time he did so.

28.     Coldwell did not provide Plaintiff with the requisite statutory disclosures — let alone the opportunity to prevent the collection, storage and use of his unique biometric identifier and/or biometric information — before it began requiring him to use the KeyTrack.

29.     Plaintiff did not receive, nor did he sign, a written disclosure authorizing the collection, use, and storage of his unique biometric identifier and/or biometric information before Coldwell began requiring him to use the KeyTrack.

30.     By collecting Plaintiff's unique biometric identifiers and/or biometric information without first obtaining his informed written consent, Coldwell invaded Plaintiff's statutorily protected right to privacy in his biometrics data.

31.     Finally, Coldwell did not provide Plaintiff with a written policy setting forth its retention schedules and guidelines for permanently destroying his biometric identifiers and/or

FILED DATE: 5/6/2024 2:44 PM   2024CH04177

208112

biometric information before it began requiring him to use the KeyTrack. Indeed, Coldwell did not even have such a policy at the time (publicly-available or otherwise).

## **CLASS ALLEGATIONS**

32.     Class Definition: Plaintiff brings this action on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All individuals who had their fingerprint scanned at any of Defendant's Illinois facilities during the applicable statutory period.

33.     Plaintiff represents and is a member of the Class.  Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's employees and agents, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

34.     Plaintiff and all members of the Class have been harmed by Defendant's acts and omissions.

35.     Defendant's acts and omissions denied the Class the opportunity to consider whether the terms of Defendant's collection, storage, and usage of their biometric identifiers and/or biometric information were acceptable given the attendant risks, and denied them the ability to use the undisclosed information in the way BIPA envisioned, all of which harmed their concrete interests that the legislature sought to protect by enacting BIPA.

36.     **Numerosity:** The number of persons within the Class is substantial and includes hundreds of persons.  It is, therefore, impractical to join each member of the Class as named plaintiffs. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

7

FILED DATE: 5/6/2024 2:44 PM   2024CH04177

FILED DATE: 5/6/2024 2:44 PM  2024CH04177

Moreover, the Class is ascertainable and identifiable from Defendant's and/or third-parties' records.

37. **Commonality and Predominance:** There are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

(a) whether Defendant collected or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information;

(b) whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;

(c) whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers and/or biometric information;

(d) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

(e) whether Defendant used Plaintiff's and the Class's biometric identifiers and/or biometric information to identify them; and

(f) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

38. **Adequate Representation:** Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither

208112

Plaintiff nor his counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims or the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class, additional claims as may be appropriate, or to amend the Class definition to address any steps that Defendant took.

39.     **Appropriateness:** A class action is an appropriate method for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

**COUNT I – FOR DAMAGES AGAINST DEFENDANT**
**VIOLATION OF 740 ILCS 14/15(a) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE**

40.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention and deletion policy. Specifically, those companies

208112

must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

42.     Defendant failed to comply with these statutory obligations.

43.     Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

44.     Plaintiff is an individual who had his "biometric identifiers" captured and/or collected by Defendant, as explained in detail in above. *See* 740 ILCS 14/10.

45.     Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

46.     Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

47.     Defendant lacked retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data.

48.     As such, the only reasonable conclusion is that Defendant has not, and will not, destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied.

49.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages

208112

FILED DATE: 5/6/2024 2:44 PM   2024CH04177

FILED DATE: 5/6/2024 2:44 PM   2024CH04177

of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**COUNT II – FOR DAMAGES AGAINST DEFENDANT**
**VIOLATION OF 740 ILCS 14/15(b) – FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION**

50.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

51.     BIPA requires companies to obtain informed written consent from individuals before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b) (emphasis added).

52.     Defendant failed to comply with these BIPA mandates.

53.     Defendant is a company registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

54.     Plaintiff and the Class are individuals who have had their "biometric identifiers" collected and/or captured by Defendant, as explained in detail above. *See* 740 ILCS 14/10.

55.     Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

11

FILED DATE: 5/6/2024 2:44 PM   2024CH04177

56.     Defendant systematically and automatically collected, captured, used, and stored Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

57.     Defendant never informed Plaintiff, and never informed any member of the Class in writing that their biometric identifiers and/or biometric information were being collected, captured, stored, and/or used, nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

58.     By collecting, capturing, storing, and/or using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, et seq.

59.     These violations stemmed from a deliberate, company-wide policy to implement a biometric temperature screening system at Defendant's Illinois facilities. To that end, Defendant specifically intended to collect Plaintiff's and the Class's unique biometric identifiers and/or information for the purpose of verifying their identities as a part of the temperature screening process.

60.     On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, captures, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740

208112

FILED DATE: 5/6/2024 2:44 PM   2024CH04177

ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tyler Weekes respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representatives of the Class, and appointing his counsel as Class Counsel;

B. Declaring that Defendant's actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

C. Awarding Plaintiff and the Class statutory damages of $5,000.00 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendant's violations were negligent;

D. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, *inter alia*, an Order requiring Defendant to collect, store, and use biometric identifiers and/or biometric information in compliance with BIPA;

E. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require.

208112

FILED DATE: 5/6/2024 2:44 PM   2024CH04177

Dated: May 6, 2024

Respectfully submitted,

**TYLER WEEKES, individually and on behalf of all others similarly situated,**

By:  /s/ Gregg M. Barbakoff
    Keith J. Keogh
    Gregg M. Barbakoff
    KEOGH LAW, LTD. (FIRM 39042)
    55 W. Monroe St., Suite 3390
    Chicago, Illinois 60603
    Firm No. 39042
    Tel.: (312) 726-1092
    Fax: (312) 726-1093
    keith@keoghlaw.com
    gbarbakoff@keoghlaw.com

    *Attorneys for* Plaintiff *and the Putative Class*

14

208112

FILED
5/6/2024 4:01 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH04177
Calendar, 14
27570849

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CHANCERY DIVISION**

| | |
|---|---|
| TYLER WEEKES, individually and on behalf of all others similarly situated, | ) ) ) |
| *Plaintiff,* | ) ) Case No. 2024CH04177 |
| v. | ) ) |
| COLDWELL BANKER, | ) ) |
| *Defendant.* | ) ) ) |

**PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION OR, ALTERNATIVELY, FOR
<u>A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY</u>**

Pursuant to 735 ILCS 5/2-801, Plaintiff Tyler Weekes ("Plaintiff"), respectfully moves the Court to enter an Order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, Plaintiff requests that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g.*, *Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, ¶¶ 42-43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896-97 (7th Cir. 2011)). In support of this Motion, Plaintiff states as follows:

<u>**INTRODUCTION**</u>

This Court should certify a class of individuals whose biometric identifiers and biometric information were collected, captured, received or otherwise obtained and/or stored in Illinois by Defendant Coldwell Banker ("Coldwell" or "Defendant").

Defendant is a nationwide real estate franchise headquartered in New Jersey. Defendant captured, collected, stored, and used its employees' biometric identifiers and biometric information (collectively, "biometric data") to monitor and track the keys its employees use for

1

FILED DATE: 5/6/2024 4:01 PM   2024CH04177

showings. In so doing, the Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") by: (1) obtaining, storing, and using this data without the employees' informed written consent, *see* 740 ILCS 14/15(b); and (2) failing to develop and implement the requisite data retention and destruction policies explaining how and when those employees' biometric data will be used, stored, and destroyed. *See* 740 ILCS 14/15(a).

After Plaintiff learned of Defendant's wrongful conduct she commenced suit on behalf of a class of similarly situated individuals in order to bring an end to Defendant's capture, collection, storage and use of biometric identifiers and/or biometric information in violation of BIPA and to obtain redress for all persons injured by its conduct.

**I.      THE ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT**

In late 2007, a biometrics company called Pay by Touch—which provided major retailers throughout the State of Illinois with biometric scanners to facilitate consumer transactions—filed for bankruptcy. Compl., ¶ 14. That bankruptcy was alarming to the Illinois legislature because suddenly there was a serious risk that citizens' biometric records—which can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections. *Id.* The bankruptcy also highlighted that many persons who used the biometric scanners were unaware that the scanners were transmitting their data to the now-bankrupt company, and that their biometric data could then be sold to unknown third parties. *Id.*

Recognizing the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that

215477

FILED DATE: 5/6/2024 4:01 PM  2024CH04477

person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) receive a written release from the person for the collection of his or her biometric identifiers and/or information; and (4) publicly publish and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15. Compl., ¶¶ 15-17.

## II.     FACTUAL BACKGROUND

### A.     The Underlying Misconduct.

Defendant has taken the biometrics of hundreds of individuals within the state of Illinois. Compl., ¶¶ 21-22, 36.

During the relevant time, Defendant required employees such as Plaintiff to use a biometric lock box known as the KeyTrack to store and retrieve the keys to the rental units shown to Defendant's potential customers.  Compl., ¶ 18.  Unlike traditional lock boxes, the KeyTrack verifies the user's identity through a fingerprint scanner. *Id.*  To use the KeyTrack, a new employee must first "enroll" in the system by providing a "template" fingerprint that is scanned and stored on the device. *Id.*, ¶ 19. Once the enrollment process is complete, the employee can then scan his or her fingerprint to access the keys stored inside the KeyTrack. *Id.,* ¶ 20.

Defendant used the KeyTrack to capture, collect, and store Plaintiff's and other Class member's fingerprints. *Id.*, ¶ 21, 26-27.  However, Defendant failed to obtain informed written consent from its employees, including Plaintiff, before capturing and collecting their biometric data. *Id.*, ¶¶ 22-23, 28-29. Defendant also failed to provide its employees, including Plaintiff, with a retention schedule and deletion policies detailing how and when Defendant would retain and destroy their biometric data. *Id.*, ¶¶ 24, 31.

FILED DATE: 5/6/2024 4:01 PM  2024CH04177

**B.** **The Proposed Class**

Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> All individuals who had their fingerprint scanned at any of Defendant's Illinois facilities during the applicable statutory period.

Compl., ¶ 32.

As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure: numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not only appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

**III.** **ARGUMENT**

**A.** **Legal Standard for Class Certification**

To obtain class certification, a plaintiff does not need to establish that he will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). In determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party

4

FILED DATE: 5/6/2024 4:01 PM   2024CH04177

may sue or be sued as a representative party of the class only if the court finds:

(1)    The class is so numerous that joinder of all members is impracticable.

(2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3)    The representative parties will fairly and adequately protect the interest of the class.

(4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the maintenance of a class action, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court

FILED DATE: 5/6/2024 4:01 PM 2024CH04177

should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

**B.      The Numerosity Requirement is Satisfied**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are at least hundreds of putative members of the proposed Class. Compl., ¶ 36. Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling). Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records.

Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

215477

FILED DATE: 5/6/2024 4:01 PM  2024CH04177

### C.      Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues:

> (a) whether Defendant collected or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information;
>
> (b) whether Defendant properly informed Plaintiff and the Class that it collected, used, and stored their biometric identifiers and/or biometric information;
>
> (c) whether Defendant obtained a written release (as defined in 740 ILCS 1410) to collect, use, and store Plaintiff's and the Class's biometric identifiers and/or biometric information;
>
> (d) whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;
>
> (e) whether Defendant used Plaintiff's and the Class's biometric identifiers and/or biometric information to identify them; and
>
> (f) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

Compl., ¶ 37.

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a

FILED DATE: 5/6/2024 4:01 PM   2024CH04177

common course of conduct by collecting, capturing, storing and/or or using the biometric data of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff have satisfied this hurdle to certification.

**D.    The Adequate Representation Requirement is Satisfied.**

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interests as the members of the proposed Class. Like the other members of the Class, Plaintiff was subjected to Defendant's biometric lock box and Defendant captured, collected, and stored his fingerprints. Compl., ¶¶ 26-27. Plaintiff has also alleged that Defendant did so without complying with BIPA's requirements. *Id.*, ¶¶ 28-31. Plaintiff's pursuit of this matter against Defendant demonstrates that he will be a zealous advocate for the Class. *Id.*, ¶ 38.

Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. *Id.*, *See* Declaration of Keith J. Keogh,

215477

¶¶4-32, attached hereto as **Exhibit 1**. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Compl., ¶ 38. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor his counsel has any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has asserted viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. *Id.* Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Classes, thus satisfying Section 2-801(3).

### E.    Class Certification Will Ensure Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class

215477

FILED DATE: 5/6/2024 4:01 PM    2024CH04477

actions are often the last barricade of…protection."). A class action is superior to multiple individual actions — and thus appropriate for the resolution of a case — "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to those affected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

A class action is an appropriate method for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is inefficient and impracticable. Compl., ¶ 39. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. *Id.* It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. *Id.* By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and the court system, and protects the rights of each member of the Class. *Id.* Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA. *Id.* Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics

FILED DATE: 5/6/2024 4:01 PM  2024CH04177

are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

IV.     **CONCLUSION**

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 have been satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing Keogh Law Ltd. as Class Counsel, and awarding such additional relief as the Court deems reasonable. In the alternative, Plaintiff respectfully requests that this Court defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: May 6, 2024                                   Respectfully submitted,

                                                     **TYLER WEEKES, individually and on behalf of
                                                     all others similarly situated,**

                                                     By:   /s/ Gregg M. Barbakoff
                                                         Keith J. Keogh
                                                         Gregg M. Barbakoff
                                                         KEOGH LAW, LTD. (FIRM 39042)
                                                         55 W. Monroe St., Suite 3390
                                                         Chicago, Illinois 60603
                                                         Firm No. 39042
                                                         Tel.: (312) 726-1092
                                                         Fax: (312) 726-1093
                                                         keith@keoghlaw.com
                                                         gbarbakoff@keoghlaw.com

                                                     *Attorneys for* Plaintiff *and the Putative Class*

11

215477

FILED DATE: 5/6/2024 4:01 PM   2024CH04177

# EXHIBIT 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CHANCERY DIVISION

<table>
<tr><td>TYLER WEEKES, individually and on behalf<br>of all others similarly situated,</td><td>)<br>)<br>)</td><td></td></tr>
<tr><td><em>Plaintiff,</em></td><td>)<br>)</td><td>Case No. 2024CH04177</td></tr>
<tr><td>v.</td><td>)<br>)</td><td></td></tr>
<tr><td>COLDWELL BANKER,</td><td>)<br>)</td><td></td></tr>
<tr><td><em>Defendant.</em></td><td>)</td><td></td></tr>
</table>

<u>**DECLARATION OF KEITH J. KEOGH**</u>

Keith J. Keogh declares under penalty of perjury that the following statements are true:

1. I am over the age of eighteen and am fully competent to make this declaration. This declaration is based upon my personal knowledge and if called upon to testify to the matters stated herein, I could and would do so competently.

2. Keogh Law, Ltd. consists of six attorneys and focuses on consumer-protection class actions. I am a shareholder of the firm and member of the bars of the United States Supreme Court and Court of Appeals for the First, Second, Third, Fifth, Seventh, Ninth and Eleventh Circuits, Eastern District of Wisconsin, Northern District of Illinois, Central District of Illinois, Southern District of Indiana, District of Colorado, Middle District of Florida, Southern District of Florida, the Illinois State Bar, and the Florida State Bar, as well as several bar associations and the National Association of Consumer Advocates.

3. In 2015, the National Association of Consumer Advocates honored me as the Consumer Attorney of the Year for my work in courts and with the FCC insuring the safeguards of the TCPA were maintained.

4. As shown below, my firm has regularly engaged in major complex litigation and consumer class actions involving BIPA as well as other statutory privacy claims. My firm has the

215478

FILED DATE: 5/6/2024 4:01 PM  2024CH04177

FILED DATE: 5/6/2024 4:01 PM 2024CH04177

resources necessary to conduct litigation of this nature, and has experience prosecuting class actions of similar size, scope, and complexity to the instant case. Additionally, I have often served as class counsel in similar actions.

5. Recently, my firm was appointed as class counsel in seven similar class actions involving claims arising under BIPA: *Bayeg v. The Admiral at the Lake*, 2019 CH 08828 (Cir. Ct. Cook Cnty.); *Marquez v. Bobak Sausage Co.*, 2020 CH 04259 (Cir. Ct. Cook Cnty.); *Heidelberg v. Forman Mills Inc.*, 2020 CH 04079 (Cir. Ct. Cook Cnty. April 7, 2023); *Quarles v. Pret A Manger (USA) Ltd.*, 20-cv-7179, ECF No. 46 (N.D. Ill. Jan 18, 2022); *Sherman v. Brandt Industries USA Ltd.*, 20-cv-1185, ECF No. 78 (C.D. Ill. Mar. 22, 2022); *Svoboda v. Amazon.com, Inc., et al.*, 1:21-cv-05336 (N.D. Ill.); and *Roberts v. Graphic Packaging Int'l, LLC*, 3:21-cv-00750 (S.D. Ill.).

6. My firm has also litigated dozens of other putative class actions for violations of BIPA, including: *Hanlon ex rel. G.T. v. Samsung Elecs. Am., Inc.*, 1:21-cv-04976 (N.D. Ill.); *Svoboda v. Frames for America, Inc.*, 1:21-cv-05509 (N.D. Ill.); *Steinberg v. Charles Indus., L.L.C.*, 2021 CH 01793 (Cir. Ct. Cook Cnty.); *Ortega v. The Expediting Co., Inc.*, 2021 CH 00969 (Cir. Ct. Cook Cnty.); *Fells v. Carl Buddig & Co.*, 2021 CH 00508 (Cir. Ct. Cook Cnty.); *Mathews v. Brightstar US, LLC*, 2021 CH 00167 (Cir. Ct. Lake Cnty.); *Willem v. Karpinske Enters., L.L.C.*, 2021 CH 00031 (Cir. Ct. Jo Daviess Cnty., Ill.); *Shafer v. Rodebrad Mgmt. Co., Inc.*, 2021 CH 00008 (Cir. Ct. Montgomery Cnty., Ill.); *Roberts v. TDS Servs., Inc.*, 2021 CH 00005 (Cir. Ct. Washington Cnty., Ill.); *Jenkins v. Regal Cinemas, Inc.*, 1:20-cv-03782 (N.D. Ill.); *Turner v. Crothall Healthcare, Inc.*, 1:20-cv-03026 (N.D. Ill.); *McFerren, et al. v. World Class Distribution, Inc.*, 1:20-cv-02912 (N.D. Ill.); *Stein v. Clarifai, Inc.*, 1:20-cv-01937 (N.D. Ill.); *Barton v. Swan Surfaces, LLC*, 3:20-cv-00499-SPM (S.D. Ill.); *Wells v. Medieval Times U.S.A., Inc.*, 2020 CH

215478

FILED DATE: 5/6/2024 4:01 PM  2024CH04177

06658 (Cir. Ct. Cook Cnty.); *Young v. Van Ru Credit Corp.*, 2020 CH 04303 (Cir. Ct. Cook Cnty.); *Isychko v. Jidd Motors, Inc.*, 2020 CH 04244 (Cir. Ct. Cook Cnty.); *Hirmer v. Elite Med. Transp., LLC*, 2020 CH 04069 (Cir. Ct. Cook Cnty.); *Magner v. SMS-NA, LLC*, 2020 CH 00520 (Cir. Ct. Cook Cnty.); *Gumm v. Vonachen Servs., Inc.*, 2020 CH 00139 (Cir. Ct. Peoria Cnty., Ill.); *Bayeg v. Eden Mgmt., LLC*, 2019 CH 08821 (Cir. Ct. Cook Cnty.); *Tran v. Simple Labs., LLC*, 2019 CH 07937 (Cir. Ct. Cook Cnty.).

7.      My firm served as class counsel in some of the largest class action settlements ever involving an anti-identity theft law (the Fair and Accurate Credit Transactions Act) that aims to protect the privacy of personal information, including *Flaum v Doctors Associates,* 16-CV-61198-CMA (S.D. Fla.) ($30.9 million dollars), which I understand to be the largest all-cash FACTA settlement in history.  The others include: *Martin v Safeway*, 2020 CH 5480 (Cir. Ct. Cook Cnty., Ill.) ($20 million dollar common fund); *Legg v. Laboratory Corp. of America Holdings*, No. 14-cv-61543-RLR (S.D. Fla., Feb. 18, 2016) ($11 million dollars); *Legg v. Spirit Airlines, Inc.*, No. 14-cv-61978-JIC (S.D. Fla., Aug. 2, 2016) ($7.5 million dollars); and *Muransky v. Godiva Chocolatier, Inc.*, No. 2020 CH 7156 (Cir. Ct. Cook Cnty. May 13, 2021) ($6.3 million).

8.      Other successful FACTA cases in which my firm has served as class counsel include: *Altman v. White House Black Market, Inc.*, No. 21-A-735 (Cobb Cnty., Ga., Dec. 9, 2021); *Guarisma v. Alpargatas USA, Inc. d/b/a Havaianas,* Case No. 2020 CH 7426 (Cir. Ct. Cook Ctny., May 24, 2021); *Guarisma v. Microsoft Corp.*, No. 15-cv-24326-CMA (S.D. Fla., Oct. 27, 2017); *Cicilline v. Jewel Food Stores, Inc.,* 542 F.Supp.2d 831 (N.D. Ill. 2008); *Harris v. Best Buy Co.,* 254 F.R.D. 82 (N.D. Ill. 2008); *Matthews v. United Retail, Inc.,* 248 F.R.D. 210 (N.D. Ill. 2008); *Redmon v. Uncle Julio's, Inc.,* 249 F.R.D. 290 (N.D. Ill. 2008); *Harris v. Circuit City Stores, Inc.,* No. 07 C 2512, 2008 U.S. Dist. LEXIS 12596 (N.D. Ill. Feb. 7, 2008); and *Pacer v. Rockenbach*

3

FILED DATE: 5/6/2024 4:01 PM 2024CH04177

*Chevrolet Sales, Inc.,* 07 C 5173 (N.D. Ill. 2008).

9. My firm was also class counsel in two of the largest Telephone Consumer Protection Act ("TCPA") settlements in the country. *See Hageman v. AT&T Mobility LLC, et al.*, Case 1:13-cv-00050-DLC-RWA (D. MT.) (Co-Lead) (Final Approval Granted February 11, 2015 providing for a $45 million settlement for a class of 16,000 persons); *Capital One Telephone Consumer Protection Act Litigation, et al.*, 12-cv-10064 (N.D. Ill. Judge Holderman) (Liaison Counsel and additional Class Counsel) (Final Approval Granted February 12, 2015 for a $75 million settlement).

10. The firm was lead or class counsel in the following consumer class settlements: *Breda v. Cellco Partnership, et al.*, 16-cv-11512-DJC (D. Mass. Nov. 18, 2021); *Iverson v. Advanced Disposal Servs., Inc.*, No. 18-CV-00867-BJD-JBT (M.D. Fla. Mar. 1, 2022); *Braver v. Northstar Alarm Services, LLC*, No. 5:17-cv-00383-F (W.D. Okla. Nov. 3, 2020) (TCPA); *Goel v. Stonebridge of Arlington Heights, et al.*, 2018 CH 11015 (Cir. Ct. Cook Cty. Jun. 8, 2020) (Ill. Security Deposit Return Act, Ill. Security Deposit Interest Act, Ill. Tenant Utility Payment Disclosure Act); *Cook v. Wal-Mart Stores, Inc., et al.*, No. 3:16-cv-673-BRD-JRK (M.D. Fla. Jun. 4, 2020) (TCPA); *Cranor v. The Zack Group, Inc., et al.*, No. 4:18-cv-00628-FJG (W.D. Mo. May 18, 2020) (TCPA); *Keim v. ADF MidAtlantic, LLC*, 2018 U.S. Dist. LEXIS 204548 (S.D. Fla. Mar. 20, 2020) (TCPA); *Hennessy, et al. v. Mid-America Apartment Communities, Inc., et al.*, 4:17-cv-00872-BCW (W.D. Mo. Aug. 8, 2019) (Missouri Merchandising Practices Act, Missouri Security Deposit Statute); *Detter v. KeyBank, N.A.*, No. 1616-cv-10036 (Jackson Cty., Mo. July 12, 2019) (FCRA); *Leung v. XPO Logistics, Inc.*, 15 CV 03877 (N.D. Ill. 2018) (TCPA); *Martinez v Medicredit*, 4:16CV01138 ERW (E.D. Mo. 2018) (TCPA); *Martin v. Wells Fargo Bank, N.A.*, 16-cv-09483 (N.D. Ill. 2018) (FCRA); *Town & Country Jewelers, LLC v. Meadowbrook Insurance*

4

FILED DATE: 5/6/2024 4:01 PM 2024CH04177

*Group, Inc., et al*, 15-CV-02419-PGS-LHG (D. NJ. 2018) (TCPA); *Legg v. Am. Eagle Outfitters*, 2017 U.S. Dist. LEXIS 147645 (S.D.N.Y. Sept. 8, 2017), *aff'd* 923 F.3d 85 (2d Cir. 2019); *Markos v. Wells Fargo*, 15-cv-01156-LMM (N.D. Ga.) (TCPA); *Ossola v. Amex*, 1:13-cv-04836 (N.D. Ill. 2016) (TCPA); *Luster v. Wells Fargo*, 15-1058-TWT (N.D. Ga.) (TCPA); *Prather v Wells Fargo*, 15-CV-04231-SCJ (N.D. Ga.) (TCPA); *Joseph et al. v. TrueBlue, Inc. et al.*, Case No. 3:14-cv-05963 (D. Wa.) (TCPA, $5 million for 1,948 class members); *Stahl v. RMK Mgmt. Corp.*, 2015 CH 13459 (Cir. Ct. Cook Cty. Sept. 14, 2017) (landlord/tenant under Chicago RLTO); *Tripp v. Berman & Rabin, P.A.*, 2017 U.S. Dist. LEXIS 3971 (D. Kan. Jan. 9, 2017); *Willett, et al. v. Redflex Traffic Systems, Inc., et al.*, Case No. 13-cv-01241-JCH-RHS; *In re Convergent Outsourcing, Inc. Telephone Consumer Protection Act Litigation*, Master Docket No. 3:13-cv-1866-AWT (D. Conn.) (Interim Co-Lead); *De Los Santos v. Millword Brown, Inc.*, 9:13-cv-80670-DPG (S.D. Fla.) (TCPA); *Allen v. JPMorgan Chase Bank, N.A.*, 13-cv-08285 (N.D. Ill. Judge Pallmeyer) (TCPA); *Cooper v. NelNet*, 6:14-cv-314-Orl-37DAB (M.D. Fla.) (TCPA); *Thomas v. Bacgroundchecks*.com, 3:13-CV-029-REP (E.D. Va.) (additional class counsel); *Carrero v. LVNV Funding, LLC*, 11-CV-62439-KMW (S.D. Fla. 2016) (Unlicensed debt collector under Fl. law); *Lopera v RMS*, 12-c-9649 (N.D. Ill. Judge Wood), *Kubacki v. Peapod*, 13-cv-729 (N.D. Ill. Judge Mason); *Wojcik v. Buffalo Bills, Inc.*, 8:12 CV 2414-SDM-TBM (M.D. Fla.) (TCPA); *Curnal v. LVNV Funding, LLC*, 10 CV 1667 (Wyandotte County, KS 2014) (Unlicensed debt collector under KS law); *Cummings v. Sallie Mae*, 12 C-9984 (N.D. Ill. Judge Gottschall) (TCPA) (co-lead); *Brian J. Wanca, J.D., P.C. v. L.A. Fitness International, LLC*, Case No. 11-CV-4131 (Lake County, Ill. Judge Berrones) (TCPA); *Osada v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 42330 (N.D. Ill. Mar. 28, 2012) (FCRA class); *Saf-T-Gard International, Inc. v. Vanguard Energy Services, L.L.C., et al*, 12-cv-3671 (N.D. Ill. 2013 Judge Gottschall) (TCPA); *Saf-T-Gard*

215478

FILED DATE: 5/6/2024 4:01 PM   2024CH04177

*v. TSI*, 10-c-7671, (N.D. Ill. Judge Rowland) (TCPA); *Cain v. Consumer Portfolio Services, Inc.*, 10-cv-02697 (N.D. Ill. Judge Keys) (TCPA); *Iverson v. Rick Levin & Associates*, 08 CH 42955 (Cir. Ct. Cook Cnty., Ill.) (Judge Cohen) (TCPA); *Saf-T-Gard v. Seiko*, 09 C 776 (N.D. Ill. Judge Bucklo) (TCPA); *Jones v. Furniture Bargains, LLC*, 09 C 1070 (N.D. Ill.) (FLSA collective action); *Saf-T-Gard v. Metrolift*, 07 CH 1266 (Cir. Ct. Cook Cnty., Ill.) (Judge Rochford) (Co-Lead) (TCPA); *Bilek v. Countrywide*, 08 C 498 (N.D. Ill. Judge Gottschall); *Pacer v. Rochenback*, 07 C 5173 (N.D. Ill. Judge Cole); *Overlord Enterprises v. Wheaton Winfield Dental Associates*, 04 CH 01613 (Cir. Ct. Cook Cnty., Ill.) (Judge McGann) (TCPA); *Whiting v. SunGard,* 03 CH 21135 (Cir. Ct. Cook Cnty., Ill.) (Judge McGann) (TCPA); *Whiting v. Golndustry*, 03 CH 21136 (Cir. Ct. Cook Cnty., Ill.) (Judge McGann) (TCPA).

11.    In addition, I was the attorney primarily responsible for the following class settlements: *Wollert* v. *Client Services,* 2000 U.S. Dist. LEXIS 6485 (N.D. Ill. 2000); *Rentas v. Vacation Break USA,* 98 CH 2782 (Cir. Ct. Cook Cnty., Ill.) (Judge Billik); *McDonald* v. *Washington Mutual Bank,* supra; *Wright v. Bank One Credit Corp.*, 99 C 7124 (N.D. Ill. Judge Guzman); *Arriaga v. Columbia Mortgage*, 01 C 2509 (N.D. Ill. Judge Lindberg); *Frazier v. Provident Mortgage*, 00 C 5464 (N.D. Ill. Judge Coar); *Largosa v. Universal Lenders*, 99 C 5049 (N.D. Ill. Judge Leinenweber); *Arriaga v. GNMortgage,* (N.D. Ill. Judge Holderman); *Williams v. Mercantile Mortgage*, 00 C 6441 (N.D. Ill. Judge Pallmeyer); *Reid v. First American Title*, 00 C 4000 (N.D. Ill. Magistrate Judge Ashman); *Fabricant v. Old Kent*, 99 C 6846 (N.D. Ill. Magistrate Judge Bobrick); *Mendelovits v. Sears*, 99 C 4730 (N.D. Ill. Magistrate Judge Brown); *Leon v. Washington Mutual*, 01 C 1645 (N.D. Ill. Judge Alesia).

12.    The individual class members' recovery in some of these settlements was substantial. For example, in one of the cases against a major bank the class members' recovery

was 100% of their actual damages resulting in a payout of $l,000 to $9,000 per class member. In another case against a major lender regarding mortgage servicing responses, each class member who submitted a claim form received $1,431. *McDonald v. Washington Mutual Bank*.

13.     Keogh Law was also appointed class counsel in: *Keim v. ADF MidAtlantic, LLC*, 2018 U.S. Dist. LEXIS 204548 (S.D. Fla., Dec. 3, 2018) (TCPA); *Lanteri v. Credit Protection Ass'n, L.P.*, 2018 U.S. Dist. LEXIS 166345 (S.D. Ind. Sept. 26, 2018) (FACTA); *Braver v. Northstar Alarm Services, LLC*, 329 F.R.D. 320 (W.D. Okla. 2018) (TCPA); *Altman v. White House Black Mkt., Inc.*, 2017 U.S. Dist. LEXIS 221939 (N.D. Ga. Oct. 25, 2017), *aff'd*, 2018 U.S. Dist. LEXIS 169828 (N.D. Ga. Feb. 12, 2018) (FACTA); *Tripp v. Berman & Rabin, P.A.*, 310 F.R.D. 499 (D. Kan. 2015); *In Re Convergent Outsourcing, Inc. Tel. Cons. Prot. Act Litig.*, Master Docket No. 3:13-cv-1866-AWT (D. Conn) (Interim Co-Lead, TCPA); *Stahl v. RMK Mgmt. Corp.*, 2015-CH-13459 (Cir. Ct. Cook Cty.) (landlord/tenant under Chicago RLTO); *Tripp v. Berman & Rabin, P.A.*, 310 F.R.D. 499 (D. Kan. 2015); *Galvan v. NCO Fin. Sys.*, 2012 U.S. Dist. LEXIS 128592 (N.D. Ill. 2012); *Osada v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 42330 (N.D. Ill. Mar. 28, 2012) (FCRA class)*; Pesce v First Credit Services*, 11-cv-01379 (N.D. Ill. December 19 2011) (TCPA Class); *Smith v Greytsone Alliance*, 09 CV 5585 (N.D. Ill. 2010); *Cicilline* v. *Jewel Food Stores, Inc.,* 542 F.Supp.2d 831 (N.D. Ill. 2008) (Co-Lead Counsel for FACTA class); *Harris* v. *Best Buy Co.,* 07 C 2559,2008 U.S. Dist. LEXIS 22166 (N.D. Ill. March 20, 2008) (FACTA class); *Matthews* v. *United Retail, Inc.,* 248 F.R.D. 210 (N.D. Ill. 2008) (FACTA class); *Redmon* v. *Uncle Julio's, Inc.,* 249 F.R.D. 290 (N.D. Ill. 2008) (FACTA class); *Harris* v. *Circuit City Stores, Inc.,* 2008 U.S. Dist. LEXIS 12596,2008 WL 400862 (N.D. Ill. 2008) (FACTA class); *Pacer v. Rockenbach Chevrolet Sales, Inc.,* 07 C 5173 (N.D. Ill. 2008) (FACTA class).

FILED DATE: 5/6/2024 4:01 PM   2024CH04177

215478

FILED DATE: 5/6/2024 4:01 PM 2024CH04177

14.     Some reported cases of the firm involving consumer protection include: *Cranor v. 5 Star Nutrition, LLC*, 998 F.3d 686 (5th Cir. 2021); *Breda v. Cellco P'ship*, 934 F.3d 1 (1st Cir. 2019); *Evans v. Portfolio Recovery Assocs.*, 889 F.3d 337 (7th Cir. 2018); *Susinno v. Work Out World Inc.*, 862 F.3d 346, 351 (3rd Cir. 2017) (finding a "nuisance and invasion of privacy resulting from a single prerecorded telephone call"); *Franklin v. Parking Revenue Recovery Servs.*, 832 F.3d 741 (7th Cir. 2016); *Galvan v. NCO Portfolio Mgmt. Inc.*, 794 F.3d 716, 721 (7th Cir. 2015); *Leeb v. Nationwide Credit Corp.*, 806 F.3d 895 (7th Cir. 2015); S*mith v. Greystone*, 772 F.3d 448 (7th Cir. 2014); *Clark v. Absolute Collection Agency*, 741 F.3d 487 (4th 2014); *Lox v. CDA, Ltd.*, 689 F.3d 818 (7th Cir. 2012); *Townsel v. DISH Network L.L.C.*, 668 F.3d 967 (7th Cir. Ill. 2012); *Catalan v. GMAC Mortgage Corp.*, No. 09-2182 (7th Cir. 2011) ; *Gburek v. Litton Loan*, 614 F.3d 380 (7th Cir. 2010); *Sawyer v. Eensurance Insurance Services* consolidated with *Killingsworth v. HSBC Bank Nev., NA.*, 507 F3d 614, 617 (7th Cir. 2007); *Echevarria et al. v. Chicago Title and Trust Co.,* 256 F3d 623 (7th Cir. 2001); *Demitro* v. *GMAC,* 388 Ill. App. 3d 15, 16 (lst Dist. 2009); *Hill v. St. Paul Bank*, 329 Ill. App. 3d 7051, 1768 N.E.2d 322 (lst Dist. 2002); *In re Mercedes-Benz Tele Aid Contract Litig.*, 2009 U.S. Dist. LEXIS 35595 (D.N.J. 2009); *Catalan v. RBC Mortg. Co.*, 2009 U.S. Dist. LEXIS 26963 (N.D. Ill. 2009); *Elkins v. Equifax, Inc.*, 2009 U.S. Dist. LEXIS 18522 (N.D. Ill. 2009*); Harris v. DirecTV Group, Inc.*, 2008 U.S. Dist. LEXIS 8240 (N.D. Ill. 2008); *In re TJX Cos., Inc., Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 2008 U.S. Dist. LEXIS 38258 (D. Kan. 2008); *Martin* v. *Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 89715 (N.D. Ill. 2007); *Elkins v. Ocwen Fed. Sav. Bank Experian Info. Solutions, Inc.,* 2007 U.S. Dist. LEXIS 84556 (N.D. Ill. 2007); *Harris* v. *Wal-Mart Stores, Inc.,* 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. 2007); *Stegvilas v. Evergreen Motors, Inc.*, 2007 U.S. Dist. LEXIS 35303 (N.D. Ill. 2007); *Cook v. River Oaks Hyundai, Inc.*, 2006 U.S. Dist. LEXIS

215478

FILED DATE: 5/6/2024 4:01 PM   2024CH04177

21646 (N. D. Ill. 2006); *Gonzalez v. W. Suburban Imps., Inc.*, 411 F. Supp. 2d 970 (N.D. Ill. 2006); *Eromon v. GrandAuto Sales, Inc.*, 333 F. Supp. 2d 702 (N.D. Ill. 2004); *Williams v. Precision Recovery, Inc.*, 2004 U.S. Dist. LEXIS 6190 (N.D. Ill. 2004); *Doe v. Templeton*, 2003 U.S. Dist. LEXIS 24471 (N.D. Ill. 2003); *Ayala v. Sonnenschein Fin. Servs.*, 2003 U.S. Dist. LEXIS 20148 (N.D. Ill. 2003); *Gallegos v. Rizza Chevrolet, Inc.*, *2003* U.S. Dist. LEXIS 18060 (N.D. Ill. 2003); *Szwebel v. Pap's Auto Sales, Inc.*, 2003 U.S. Dist. LEXIS 13044 (N.D. Ill. 2003); *Johnstone v. Bank of America*, 173 F. Supp.2d 809 (N.D. Ill. 2001); *Leon v. Washington Mutual Bank*, 164 F. Supp.2d 1034 (N.D. Ill. 2001); *Ploog v. HomeSide Lending,* 2001 WL 987889 (N.D. Ill. 2001); *Christakos v. Intercounty Title*, 196 F.R.D. 496 (N.D. Ill. 2000); *Batten v. Bank One*, 2000 WL 1364408 (N.D. Ill. 2000); *McDonald v. Washington Mutual Bank*, 2000 WL 875416 (N.D. Ill. 2000); and *Williamson v. Advanta Mtge Corp.*, 1999 U.S. Dist. LEXIS 16374 (N.D. Ill. 1999). The *Christakos* case significantly broadened title and mortgage companies' liability under Real Estate Settlement Procedures Act ("RESPA") and *McDonald* is the first reported decision to certify a class regarding mortgage servicing issues under the Cranston-Gonzales Amendment of RESPA.

15.     I have argued before the United States Courts of Appeal for the First, Fifth, Seventh, Eleventh Circuits, the First District of Illinois, and the Multidistrict Litigation Panel in various cases, including: *Townsel v. DISH Network L.L.C.*, 668 F.3d 967 (7th Cir. 2012)*; Catalan v. GMACM* (7th Cir. 2010); *Gburek v. Litton Loan Servicing* (7th Cir. 2009); *Sawyer v. Esurance* (7th Cir. 2007), *Echevarria, et al. v. Chicago Title and Trust Co.* (7th Cir. 2001); *Morris v. Bob Watson* (lst. Dist. 2009); *Iverson v. Gold Coast Motors Inc.* (lst Dist. 2009); *Demitro v. GMAC* (1st Dist. 2008), *Hill v. St. Paul Bank* (1st Dist. 2002); and *In Re: Sears, Roebuck & Company Debt Redemption Agreements Litigation* (MDL Docket No. 1389). *Echevarria* was part of a group of several cases that resulted in a nine million dollar settlement with Chicago Title.

FILED DATE: 5/6/2024 4:01 PM   2024CH04177

16.    Keith Keogh's published works include co-authoring and co-editing the 1997 supplement to *Lane's Goldstein Trial Practice Guide* and *Lane's Medical Litigation Guide.*

17.    Attorneys at the firm have lectured extensively on consumer litigation and class actions.  For example, they:

a.    Presented at the National Consumer Law Center 2023 annual conference on the TCPA.

b.    Presented at the National Consumer Law Center 2022 annual conference on DNC claims under the TCPA.

c.    Presented at the National Consumer Law Center 2020 annual conference on TCPA strategy after *Facebook*.

d.    Presented at the National Consumer Law Center 2019 annual conference on the TCPA.

e.    Presented at the 2019 Fair Debt Collection Training Conference for a session on TCPA Developments.

f.    Presented at the National Consumer Law Center 2018 annual conference on the TCPA.

g.    Presented at the 2018 Fair Debt Collection Training Conference for two sessions on the TCPA.

h.    Presented at the National Consumer Law Center 2017 annual conference on the TCPA.

i.    Presented at the National Consumer Law Center 2016 annual conference on the TCPA.

j.    Presented at the 2016 Fair Debt Collection Training Conference for a session on TCPA Developments.

k.    Presented for the National Association of Consumer Advocates November 2015 webinar titled Developments and Anticipated Impact of Recent FCC TCPA Rules.

l.    Presented at the National Consumer Law Center 2015 annual conference in San Antonio, Tx. on the TCPA.

215478

FILED DATE: 5/6/2024 4:01 PM  2024CH04177

m.  Presented at the 2015 Fair Debt Collection Training Conference for three sessions on the TCPA.

n.  Presented at the National Consumer Law Center 2014 annual conference in Tampa Fl. for two sessions on the TCPA.

o.  Panelist for the December 2013 Strafford CLE Webinar titled TCPA Class Actions: Pursuing or Defending Claims Over Phone, Text and Fax Solicitations.

p.  Panelist for the December 2014 Chicago Bar Association Class Action Seminar titled "Class Action Settlements in the Seventh Circuit: Navigating Turbulent Waters."

q.  Presented at the 2014 Fair Debt Collection Training Conference for three sessions on the TCPA.

r.  Panelist for the December 2013 Strafford CLE Webinar titled Class Actions for Telephone and Fax Solicitation and Advertising Post-Mims. Leveraging TCPI lectured at the 2014 Fair Debt Collection Training Conference for three sessions on the TCPA.

s.  Panelist for the December 2013 Strafford CLE Webinar titled Class Actions for Telephone and Fax Solicitation and Advertising Post-Mims. Leveraging TCPA Developments in Federal Jurisdiction, Class Suitability, and New Technology.

t.  Presented for the National Association of Consumer Advocates November 2013 webinar titled Current Telephone Consumer Protection Act Issues Regarding Cell Phones.

u.  Presenter for the November 2013 Chicago Bar Association Class Action Committee presentation titled Future of TCPA Class Actions.

v.  Speaker at the Social Security Administration's Chicago office in August 2013 on a presentation on identity theft, which included consumers' rights under the Fair Credit Reporting Act.

215478

FILED DATE: 5/6/2024 4:01 PM   2024CH04177

w.  Panelist for the May 14, 2013 Chicago Bar Association Class Action Seminar titled "The Shifting Landscape of Class Litigation" as well as for the March 20, 2013 Strafford CLE webinar titled "Class Actions for Telephone and Fax Solicitation and Advertising Post-Mims. Leveraging TCPA Developments in Federal Jurisdiction, Class Suitability, and New Technology."

x.  Lectured at the June 6, 2013 Consumer Law Committee of the Chicago Bar Association on the topic "Employment Background Reports under the Fair Credit Reporting Act: Improper consent forms to failure to provide background report prior to adverse action."

y.  Lectured at the 2013 Fair Debt Collection Training Conference for three sessions on the TCPA.

z.  Presented at the 2012 National Consumer Law Center annual conference for a session on the TCPA.

aa.  Presented at the 2012 Fair Debt Collection Training Conference for a session on the TCPA.

bb.  Panelist for Solutions for Employee Classification & Wage/Hour Issues at the 2011 Annual Employment Law Conference hosted by Law Bulletin Seminars.

cc.  Lectured at the 2011 National Consumer Law Center conference for a session titled Telephone Consumer Protection Act: Claims, Scope, Remedies as well as lectured at the same 2011 National Consumer Law Center conference for a double session titled ABC's of Class Actions.

dd.  Taught *Defenses to Foreclosures* for Lorman Education Services, which was approved for CLE credit, in 2008 and 2010.

ee.  Guest lecturer on privacy issues at University of Illinois at Urbana-Champaign School of Law. In March 2010.

215478

FILED DATE: 5/6/2024 4:01 PM  2024CH04177

ff. Guest speaker for the Legal Services Office of The Graduate School and Kellogg MBA Program at Northwestern University for its seminar titled: "Financial Survival Guide: Legal Strategies for Graduate Students During A Period of Economic Uncertainty."

18. Keith Keogh was selected as an Illinois Super Lawyer from 2014 through 2023 and an Illinois Super Lawyer Rising Star each year from 2008 through 2013, and his cases have been featured in local newspapers such as the Chicago Tribune, Chicago Sun-Times, The Naperville Sun, Daily Herald and RedEye.

**Timothy J. Sostrin**

19. Timothy J. Sostrin is a partner with the firm joining in 2011. He is a member in good standing of the Illinois bar, the U.S. District Court District of Colorado, U.S. District Court Northern District of Illinois, U.S. District Court Northern and Southern Districts of Indiana, U.S. District Court Eastern and Western Districts of Michigan, U.S. District Court Eastern District of Missouri, U.S. District Court Southern District of Texas and U.S. District Court Eastern and Western Districts of Wisconsin.

20. Timothy J. Sostrin has zealously represented consumers in Illinois and in federal litigation nationwide against creditors, debt collectors, retailers, and other businesses engaging in unlawful practices. Tim has extensive experience with consumer claims brought under the Fair Debt Collection Practices Act, The Telephone Consumer Protection Act, the Fair Credit Reporting Act, the Electronic Fund Transfer Act, and Illinois law. Some of Tim's representative cases include: *Susinno v. Work Out World Inc.*, 862 F.3d 346, 351 (3rd Cir. 2017) (argued); *Leeb v. Nationwide Credit Co.*, 806 F.3d 895 (7th Cir. 2015) (argued); *Osada v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 42330 (N.D. Ill. Mar. 28, 2012) (granting class certification); *Galvan v. NCO Financial Systems, Inc.*, 2012 U.S. Dist. LEXIS 128592 (N.D. Ill. 2012) (granting class certification); *Saf-T-Gard International, Inc. v. Vanguard Energy Services, LLC*, (2012 U.S. Dist.

13

FILED DATE: 5/6/2024 4:01 PM   2024CH04177

LEXIS 174222 (N.D. Ill. Dec. 6, 2012) (granting class certification); *Jelinek v. The Kroger Co.*, 2013 U.S. Dist. LEXIS 53389 (N.D. Ill. 2013) (denying defendant's motion to dismiss); *Hanson v. Experian Information Solutions, Inc.*, 2012 U.S. Dist. LEXIS 11450 (N.D. Ill. Jan. 27, 2012) (denying defendant's motion for summary judgment); *Warnick v. DISH Network, LLC*, 2013 U.S. Dist. LEXIS 38549 (D. Colo. 2013) (denying defendant's motion to dismiss); *Torres v. Nat'l Enter. Sys.*, 2013 U.S. Dist. LEXIS 31238 (N.D. Ill. 2013) (denying defendant's motion to dismiss); *Griffith v. Consumer Portfolio Serv.*, 838 F. Supp. 2d 723 (N.D. Ill. 2011) (denying defendant's motion for summary judgment); *Frydman et al v. Portfolio Recovery Associate*, 2011 U.S. Dist. LEXIS 69502 (N.D. Ill 2011) (denying defendant's motion to dismiss); *Rosen Family Chiropractic S.C. v. Chi-Town Pizza*, 2013 U.S. Dist. LEXIS 6385 (N.D. Ill. 2013) (denying defendant's motion to dismiss); *Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874 (N.D. Ill. May 5, 2010) (granting summary judgment on TCPA claim).

21.     Tim is a member of the National Association of Consumer Advocates and ISBA. He received his Juris Doctorate, *cum laude*, from Tulane University Law School in 2006.

**Michael S. Hilicki**

22.     In 2014, Michael Hilicki joined the firm. He has spent nearly all of his approximately 25-year legal career helping consumers and workers subjected to unfair and deceptive business practices, and violations of their state and federal rights. He is experienced in a variety of consumer and wage-related areas including, but not limited to, the Illinois Biometric Information Privacy Act, the Fair Debt Collection Practices Act, Truth-in-Lending Act, Fair Credit Reporting Act, Real Estate Settlement Procedures Act, Illinois Consumer Fraud & Deceptive Business Practices Act, Telephone Consumer Protection Act, Fair Labor Standards Act, the Illinois Security Deposit Interest Act, Illinois Security Deposit Return Act, Chicago Residential Landlord Tenant Ordinance (RLTO), and the Illinois Wage & Hour Law. He is experienced in all aspects of

215478

FILED DATE: 5/6/2024 4:01 PM   2024CH04177

litigation, including arbitrations, trials, and appeals.

23.    Examples of the numerous certified class actions in which Michael has represented consumers or workers include: *Goel v. Stonebridge of Arlington Heights, et al.*, 2018 CH 11015 (Cir. Ct. Cook Cty.); *Muransky v. Godiva Chocolatier, Inc.*, No. 15-cv-60716-WPD (S.D. Fla.); *Guarisma v. Microsoft Corp.*, No. 15-cv-24326-CMA (S.D. Fla.); *Stahl v. RMK Mgmt. Corp.*, 2015 CH 13459 (Cir. Ct. Cook Cty.); *Altman v. White House Black Market, Inc.*, 15-cv-2451-SCJ (N.D. Ga.); *Legg v. Spirit Airlines, Inc.*, No. 14-cv-61978-CIV-JIC (S.D. Fla.); *Legg v. Laboratory Corporation of America, Holdings, Inc.*, No. 14-cv-61543-RLR (S.D. Fla.); *Joseph v. TrueBlue, Inc.*, 14-cv-5963-BHS (W.D. Wash.); *In Re Convergent Outsourcing, Inc. Telephone Consumer Protection Act Litigation*, Master Docket No. 3:13-cv-1866-AWT (D. Conn); *Tripp v. Berman & Rabin, P.A.*, 310 F.R.D. 499 (D. Kan. 2015); *Lanteri v. Credit Protection Ass'n, L.P.*, 2018 U.S. Dist. LEXIS 166345 (S.D. Ind. Sept. 26, 2018); *Eibert v. Jaburg & Wilk, P.C.*, 13-cv-301 (D. Minn.); *Kraskey v. Shapiro & Zielke, LLP*, 11-cv-3307 (D. Minn.); *Short v. Anastasi & Associates, P.A.*, 11-cv-1612 SRN/JSM (D. Minn.); *Kimball v. Frederick J. Hanna & Associates, P.C.*, 10-cv-130 MJD/JJG (D. Minn.); *Murphy v. Capital One Bank*, 08 C 801 (N.D. Ill.); *Nettles v. Allstate Ins. Co.*, 02 CH 14426 (Cir. Ct. Cook Cty.); *Sanders v. OSI Educ. Servs., Inc.*, 01 C 2081 (N.D. Ill.); *Kort v. Diversified Collection Servs., Inc.*, 01 C 0689 (N.D. Ill.); *Hamid v. Blatt Hasenmiller, et al.*, 00 C 4511 (N.D. Ill.); *Durkin v. Equifax Check Servs., Inc.*, 00 C 4832 (N.D. Ill.); *Torres v. Diversified Collection Services, et al.*, 99-cv-00535 (RL-APR) (N.D. Ind.); *Morris v. Trauner Cohen & Thomas*, 98 C 3428 (N.D. Ill.), *Mitchell v. Schumann*, 97 C 240 (N.D. Ill.); *Pandolfi, et al. v. Viking Office Prods., Inc.*, 97 CH 8875 (Cir. Ct. Cook Cty.); *Trull v. Microsoft Corp.*, 97 CH 3140 (Cir. Ct. Cook Cty.); *Deatherage v. Steven T. Rosso, P.A.*, 97 C 0024 (N.D. Ill.); *Young v. Meyer & Njus, P.A.*, 96 C 4809 (N.D. Ill.); *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 96 C

215478

3233 (N.D. Ill.); *Holman v. Red River Collections, Inc.*, 96 C 2302 (N.D. Ill.); *Farrell v. Frederick J. Hanna*, 96 C 2268 (N.D. Ill.); *Blum v. Fisher and Fisher*, 96 C 2194 (N.D. Ill.); *Riter v. Moss & Bloomberg, Ltd.*, 96 C 2001 (N.D. Ill.); *Clayton v. Cr Sciences Inc.*, 96 C 1401 (N.D. Ill.); *Thomas v. MAC/TCS Inc., Ltd.*, 96 C 1519 (N.D. Ill.); *Young v. Bowman, et al.*, 96 C 1767 (N.D. Ill.); *Depcik v. Mid-Continent Agencies, Inc.*, 96 C 8627 (N.D. Ill.); and *Dumetz v. Alkade, Inc.*, 96 C 4002 (N.D. Ill.).

24.     Michael also has successfully argued a number of appeals, including *Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175 (11th Cir. 2019) (*vacated for rehearing en banc*); *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337 (7th Cir. 2018); *Franklin v. Parking Rev. Recovery Servs.*, 832 F.3d 741 (7th Cir. 2016); *Smith v. Greystone Alliance, LLC*, 772 F.3d 448 (7th Cir. 2014); *Shula v. Lawent*, 359 F.3d 489 (7th Cir. 2004); and *Weizeorick v. ABN AMRO Mortg. Group, Inc.*, 337 F.3d 827 (7th Cir. 2003).

25.     Michael has lectured on consumer law issues at Upper Iowa University, the Chicago Bar Association, and the National Consumer Law Center. He is a member of the Trial Bar of the United States District Court for the Northern District of Illinois, and he has represented consumers in state and federal courts around the country on a *pro hac vice* basis.

26.     Michael's published work includes *"AND THE SURVEY SAYS..." When Is Evidence of Actual Consumer Confusion Required to Win a Case Under Section 1692g of the Fair Debt Collection Practices Act in the Seventh Circuit?*, 13 Loy. Consumer L. Rev. 224 (2001).

## **Theodore H. Kuyper**

27.     Ted Kuyper joined the firm in 2018. Ted is currently a member in good standing of the Illinois State Bar, the United States District Court for the Northern District of Illinois, and the Seventh Circuit Court of Appeals, and has been admitted to practice *pro hac vice* in several additional United States District Courts.

16

FILED DATE: 5/6/2024 4:01 PM   2024CH04177

215478

FILED DATE: 5/6/2024 4:01 PM  2024CH04177

28.     Ted has diverse experience prosecuting and defending class action and other large-scale litigation in trial and appellate courts under a variety of substantive laws, including without limitation the Illinois Biometric Information Privacy Act, the Telephone Consumer Protection Act, the Racketeer Influenced & Corrupt Organizations Act (RICO), the Fair Credit Reporting Act, the Illinois Consumer Fraud & Deceptive Business Practices Act, and the Real Estate Settlement Procedures Act, as well as Illinois and other state statutory and common law.

29.     Since joining the firm, Ted has represented consumers as counsel of record or otherwise in the following putative class actions: *Gebka v. Allstate Ins. Co.*, No. 1:19-cv-06662 (N.D. Ill.) (TCPA); *Cranor v. The Zack Group, Inc., et al.*, No. 4:18-cv-00628-FJG (W.D. Mo. May 18, 2020) (TCPA); *Svoboda v. Amazon.com, Inc., et al.*, 1:21-cv-05336 (N.D. Ill.) (BIPA); *Hanlon ex rel. G.T. v. Samsung Elecs. Am., Inc.*, 1:21-cv-04976 (N.D. Ill.) (BIPA); *Svoboda v. Frames for America, Inc.*, 1:21-cv-05509 (N.D. Ill.) (BIPA); *Jenkins v. Regal Cinemas, Inc.*, 1:20-cv-03782 (N.D. Ill.) (BIPA); *McFerren, et al. v. World Class Distribution, Inc.*, 1:20-cv-02912 (N.D. Ill.) (BIPA); *Stein v. Clarifai, Inc.*, 1:20-cv-01937 (N.D. Ill.) (BIPA); *Gumm, et al. v. Vonachen Servs., Inc.*, 2019 CH 12773 (Cir. Ct. Cook Cnty., Ill.), consolidated with 2021 CH 5166 (BIPA); *Detter v. KeyBank, N.A.*, No. 1616-cvl0036 (Jackson Cty., Mo. July 12, 2019) (FCRA); *Cranor v. Skyline Metrics, LLC*, No. 4:18-cv-00621-DGK (W.D. Mo.); *Cranor v. Classified Advertising Ventures, LLC, et al.*, No. 4:18-cv-00651-HFS (W.D. Mo.); *Morgan v. Adventist Health System/Sunbelt, Inc.*, No. 6:18-cv-01342-PGB-DCI (M.D. Fla.); *Burke v. Credit One Bank, N.A., et al.*, No. 8:18-cv-00728-EAK-TGW (M.D. Fla.); *Morgan v. Orlando Health, Inc., et al.*, No. 6:17-cv-01972-CEM-GJK (M.D. Fla.); *Motiwala v. Mark D. Guidubaldi & Associates, LLC*, No. 1:17-cv-02445 (N.D. Ill.); and *Buja v. Novation Capital, LLC*, No. 9:15-cv-81002-KAM (S.D. Fla.).

215478

30.     Immediately prior to joining Keogh Law, Ted worked at a boutique Chicago law firm where he represented clients in a range of complex commercial and other litigation, including contract, tort, professional liability, premises and products liability, bad faith and class action. Previously, he was an associate at a nationally-renowned class action law firm, where he focused on complex commercial, consumer, class action and other large-scale, high-stakes litigation.

31.     Ted earned his Juris Doctorate from Washington University School of Law in St. Louis in 2007.  During law school, he worked as a Summer Extern for Magistrate Judge Morton Denlow (Ret.) of the United States District Court for the Northern District of Illinois, served as primary editor and executive board member of the Global Studies Law Review, and authored a student note that was published in 2007.  Ted also earned a number of scholarships and other academic accolades, including the Honors Scholar Award (top 10% for academic year) and repeated appearances on the Dean's List.

**Gregg M. Barbakoff**

32.     Gregg Barbakoff joined the firm in 2019.  Gregg is a civil litigator who focuses his practice on consumer law.  Gregg has extensive experience litigating individual and class claims arising under the Illinois Biometric Information Privacy Act, Telephone Consumer Protection Act, Fair Debt Collection Practices Act, Truth-in-Lending Act, Fair Credit Reporting Act, Real Estate Settlement Procedures Act, Illinois Consumer Fraud and Deceptive Practices Act, Magnuson-Moss Warranty Act, and various consumer protection statutes.

33.     Gregg graduated magna cum laude from the Chicago-Kent College of Law, where he was elected to the Order of the Coif.  While in law school, Gregg received the Class of 1976 Honors Scholarship, competed as a senior member of the Chicago-Kent Moot Court Team, and served as an editor for The Seventh Circuit Review, in which he was also published. Gregg earned his undergraduate degree from the University of Colorado at Boulder.

18

215478

FILED DATE: 5/6/2024 4:01 PM   2024CH04177

FILED DATE: 5/6/2024 4:01 PM   2024CH04177

34. Gregg was selected as an Illinois Super Lawyer in 2022 and an Illinois Super Lawyer Rising Star from 2015 through 2021. In addition, Gregg was named an Associate Fellow by the Litigation Counsel of America. He is licensed to practice in the State of Illinois, the United States District Court for the Northern District of Illinois, and the United States Court of Appeals for the Seventh Circuit.

35. Prior to joining Keogh Law, Gregg worked at a mid-size litigation firm that specialized in consumer litigation, and leading plaintiff's firm that focused on commercial disputes and consumer class actions.

36. The following are representative class actions in which Gregg has served as counsel of record or otherwise: *Roberts v. TIAA, FSB* (Case No. 2019 CH 04089, Cook County, Ill.); *Corrigan v. Seterus* (Case No. 17-cv-02348); *Gentleman v. Mass. Higher Ed. Corp., et al* (Case No. 16-cv-3096, N.D. Ill.); *Cibula v. Seterus* (Case No. 2015CA010910, Palm Beach County, Fla.); *Ciolini v. Seterus* (Case No. 15-cv-09427, N.D. Ill.); *Mednick v. Precor Inc.* (Case No. 14-cv-03624, N.D. Ill.); *Illinois Nut & Candy Home of Fantasia Confections, LLC v. Grubhub, Inc., et al.* (Case No. 14-cv-00949, N.D. Ill.); *Dr. William P. Gress et al. v. Premier Healthcare Exchange West, Inc.* (Case No. 14-cv-501, N.D. Ill.); *Stephan Zouras LLP v. American Registry LLC* (Case No. 14-cv-943, N.D. Ill.); *Mullins v. Direct Digital* (Case No. 13-cv-01829, N.D. Ill.); *In Re Prescription Pads TCPA Litig.* (Case No. 13-cv-06897, N.D. Ill); *Townsend v. Sterling* (Case No. 13-cv-3903, N.D. Ill); *Windows Plus, Incorporated v. Door Control Services, Inc.* (Case No. 13-cv-07072, N.D. Ill); *In re Energizer Sunscreen Litig.* (Case No. 13-cv-00131, N.D. Ill.); *Padilla v. DISH Network LLC* (Case No. 12-cv-07350, N.D. Ill.); *Lloyd v. Employment Crossing* (Case No. BC491068 (Los Angeles County, Cal.); *In re Southwest Airlines Voucher Litig.* (Case No. 11-cv-8176, N.D. Ill.).

215478

FILED DATE: 5/6/2024 4:01 PM  2024CH04177

**William Sweetnam**

37.     William Sweetnam joined the firm in 2020 as of counsel. Mr. Sweetnam concentrates his practice on class action and complex litigation and appeals, having prosecuted hundreds of consumer, shareholder and antitrust class action in federal and state courts across the country.  In addition to representing both plaintiffs and defendants in a wide variety of cases involving both economic and non-economic injuries, Mr. Sweetnam has acted as lead counsel, co-lead counsel and has been a member of the executive and steering committees in consumer, antitrust and other class action, complex and multidistrict litigation matters.

38.     Notably, Mr. Sweetnam was appointed sole lead counsel in *Kelly v. Old National Bank*, 82C01-1012-CT-627 (Cir. Ct Vanderburgh Cty., Ind.), in which he obtained a settlement valued at more than 90% of the class' damages incurred as a result of the unlawful overdraft fee scheme alleged therein, far exceeding the results obtained by much larger firms against some the countries' largest banks, resulting in individual consumers receiving several thousand dollars in refunded overdraft fees.

39.     Additionally, Mr. Sweetnam has numerous published, class action decisions including *Jett v. Warrantech Corp.*, ---F.Supp.3d---, 2020 WL 525045 (S.D. Ill. 2020); *Old Nat. Bank v. Kelly*, 31 N.E.3d 522 (Ind. App. 2014); *Nava v. Sears, Roebuck & Co.*, 995 N.E.2d 303 (1st Dist. 2013); *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118 (11th Cir. 2010); *Pella Corp. v. Saltzman*, 606 F.3d 391 (7th Cir. 2010); *In re Digitek Prod. Liab. Litig.*, 264 F.R.D. 249 (S.D. W. Va. 2010); *Aleman v. Park West Galleries, Inc.*, 655 F. Supp. 2d 1378 (J.P.M.L. 2009); *In re Park West Galleries, Inc. Mktg. & Sales Practices Litig.*, 645 F. Supp. 2d 1358 (J.P.M.L. 2009); *In re Digitek Prod. Liab. Litig.*, 648 F. Supp. 2d 795 (S.D. W. Va. 2009); *Vernon v. Qwest Communs. Int'l, Inc.*, 643 F. Supp. 2d 1256 (W.D. Wash. 2009); *Stachurski v. DirecTV, Inc.*, 642 F. Supp. 2d 758 (N.D. Ohio 2009); *In re Comcast Corp. Set-Top Cable TV Box Antitrust Litig.*, 626 F. Supp.

215478

FILED DATE: 5/6/2024 4:01 PM   2024CH04177

2d 1353 (J.P.M.L. 2009); *In re Refrigerant Compressors Antitrust Litig.*, 626 F. Supp. 2d 1320 (J.P.M.L. 2009); *Saltzman v. Pella Corp.*, 257 F.R.D. 471 (N.D. Ill. 2009); *Coneff v. AT&T Corp.*, 620 F. Supp. 2d 1248 (W.D. Wash. 2009); *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555 (E.D. Mich. 2009); *In re Nissan N. Am., Inc. Odometer Litig.*, 664 F. Supp. 2d 873 (M.D. Tenn. 2009); *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555 (E.D. Mich. 2009); *In re Digitek Prods. Liab. Litig.*, 571 F. Supp. 2d 1376 (J.P.M.L. 2008); *In re BP Prods. N. Am., Inc.*, 560 F. Supp. 2d 1377 (J.P.M.L. 2008); *Hoving v. Transnation Title Ins. Co.*, 545 F. Supp. 2d 662 (E.D. Mich. 2008); *In re Nissan N. Am., Inc. Odometer Litig.*, 542 F. Supp. 2d 1367 (J.P.M.L. 2008); *Berry v. Budget Rent a Car Sys.*, 497 F. Supp. 2d 1361 (S.D. Fla. 2007); *Cook v. Home Depot U.S.A., Inc.*, 62 U.C.C. Rep. Serv. 2d (Callaghan) 197 (S.D. Ohio 2007); *Womack v. Nissan N. Am., Inc.*, 550 F. Supp. 2d 630 (E.D. Tex. 2007); *Knudsen v. Liberty Mut. Ins. Co.*, 435 F.3d 755 (7th Cir. 2006); *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805 (7th Cir. 2005); *Knudsen v. Liberty Mut. Ins. Co.*, 405 F. Supp. 2d 916 (N.D. Ill. 2005); *Enzenbacher v. Browning-Ferris Indus. of Ill.*, 774 N.E.2d 858 (Ill. App. 2002); *In re Nat'l Life Ins. Co.*, 247 F. Supp. 2d 486 (D. Vt. 2002); *Kaskel v. N. Trust Co.*, 45 U.C.C. Rep. Serv. 2d (Callaghan) 827 (N.D. Ill. 2001); *Wardrop v. Amway Asia Pac. Ltd.*, Fed. Sec. L. Rep. (CCH) P91,346 (S.D.N.Y. Mar. 20, 2001); and *Grove v. Principal Mut. Life Ins. Co.*, 14 F. Supp. 2d 1101 (S.D. Iowa 1998).

40.    Before joining Keogh Law, Ltd., Mr. Sweetnam began his career as a lawyer representing plaintiffs in catastrophic injury cases in 1994.  In 1995, he began defending corporate, insurance industry and insurance policyholder clients and ran a successful class action litigation boutique, Sweetnam LLC, established in 2008.

41.    Prior to that, Mr. Sweetnam was a partner at a Chicago class action litigation boutique, where he perfected his skills representing victims of consumer fraud and deceptive and

215478

FILED DATE: 5/6/2024 4:01 PM   2024CH04177

anti-competitive practices.  Mr. Sweetnam has extensive litigation experience in a variety of nationwide class actions in state and federal courts alleging violations of consumer fraud and deceptive trade practices statutes, breach of warranty and violations of federal securities laws, shareholder derivative suits and appeals.

42.     Mr. Sweetnam began his career as a class action and complex litigation practitioner with what is now known as Kessler Topaz Meltzer & Check, LLP, one of the largest class action law firms in the United States, where he was part of a team of lawyers involved in prosecuting class actions challenging abusive marketing practices in several areas involving life insurance and annuities. These cases led to class settlements valued at hundreds of millions of dollars, and sometimes even billions of dollars, with such major life insurance companies as Prudential, Met Life, John Hancock, New York Life, State Farm, American Express/IDS, Transamerica, and many others, as well as to numerous changes in industry sales practices.

43.     Mr. Sweetnam continued his career at one of Chicago's oldest and most respected class action litigation firms, Krislov & Associates, Ltd., where he represented consumers and investors engaged in an array of nationwide class actions in state and federal courts involving everything from consumer fraud to breach of warranty and securities and shareholder derivative lawsuits and appeals.

44.     Additionally, Ms. Sweetnam is also a member of a number of associations, including The Federal Bar Associations, Chicago Chapter, The Chicago Bar Association, and The Catholic Lawyers Guild of Chicago.

45.     Mr. Sweetnam received his bachelor's degree at The University of Michigan, Ann Arbor, Michigan in 1990. And later received his juris doctorate degree at the University of Michigan and the De Paul University College of Law where he received the American

215478

FILED DATE: 5/6/2024 4:01 PM   2024CH04177

Jurisprudence Award in Constitutional Law and was a member of the Journal of Art and Entertainment Law.  He has written and lectured on class actions and class action litigation reform.

46.     Mr. Sweetnam has lectured on and lectured on such topics as the following: (a) *Law of Remedies: Damages, Equity and Restitution,* at Chicago-Kent College of Law (2019); (b) *Law of Remedies: Class Actions and Complex Litigation,* at Chicago-Kent College of Law (2018); (c) *The Class Action Fairness Act of 2005:  Selecting a Forum and Keeping It,* at the Illinois Institute for Continuing Legal Education in Chicago, Illinois (2008); (d) *Federalization of Consumer Class Action Litigation:  The Class Action Fairness Act of 2005,* at the John Marshall Law School in Chicago, Illinois (2006).

Executed at Chicago, Illinois, on May 6, 2024.

Keith J. Keogh

23

215478

FILED
5/7/2024 10:48 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH04177
Calendar, 14
27578893

FILED DATE: 5/7/2024 10:48 AM    2024CH04177

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

**Summons - Alias Summons**      (12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Tyler Weekes, individually and on behalf of all
others similarly situated,

Plaintiff(s)

v.

Coldwell Banker,

Case No.    2024CH04177

c/o Registered Agent, IL. Corp Service Comp.,
801 Adlai Stevenson Dr., Springfield, IL 62703

Address of Defendant(s)

Please serve as follows (check one): ● Certified Mail ○ Sheriff Service ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

**Summons - Alias Summons** (12/01/20) CCG 0001 B

FILED DATE: 5/7/2024 10:48 AM 2024CH04177

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 39042

○ Pro Se 99500

Name: Gregg M. Barbakoff

Atty. for (if applicable):
Tyler Weekes

Address: 55 W. Monroe St, Suite 3390

City: Chicago

State: IL   Zip: 60603

Telephone: 312-726-1092

Primary Email: Gbarbakoff@KeoghLaw.com

Witness date _____

5/7/2024 10:48 AM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 5/7/2024 10:48 AM   2024CH04177

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**